**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

**Karen Lichtman, Samantha Reese,**
individually and on behalf of all others similarly situated,

Plaintiffs,

v.

**Whole Foods Market Group Inc.,**

Defendant.

Civ. No. _____

**CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

---

By and through the undersigned counsel, Plaintiffs Karen Lichtman and Samantha Reese, individually and on behalf of all others similarly situated, files this class action complaint against defendant Whole Foods Market Group Inc. (Whole Foods). On personal knowledge of their own circumstances, and on investigation and the information and belief of their counsel, Plaintiffs aver the following:

**INTRODUCTION**

1. Whole Foods owns and operates grocery stores, including more than 20 stores in the State of New York. Each store employs hundreds of employees.

2. Under uniform policies that apply to all New York stores, Whole Foods requires all store employees to attend team meetings. These meetings are scheduled on an irregular basis and typically run for 30 minutes to an hour. Whole Foods reserves the right to discipline employees who are tardy or absent from team meetings.

3. The Commissioner for the New York Department of Labor has authority to issue minimum wage orders under New York Labor Law. Pursuant to that authority, the Commissioner has imposed a "call-in pay" requirement. If an employer asks an employee to report for work on

any day, the employee shall be paid for at least four hours or the number of hours in the regularly scheduled shift, whichever is less, at the basic minimum wage.

4. Under the New York call-in pay requirement, when Whole Foods requires employees to attend irregularly scheduled team meetings, it must pay those employees at least four hours' wages at the basic minimum wage.

5. Under uniform policies applying to all New York store employees, Whole Foods only pays store employees for the duration of their attendance at team meetings. Whole Foods does not comply with the New York call-in pay requirement or pay store employees at least four hours' wages at the basic minimum wage.

6. Through these policies, Whole Foods violated its obligations to its employees under New York Labor Law.

7. Plaintiffs Karen Lichtman and Samantha Reese are among Whole Foods employees who were not properly compensated for call-in pay under New York Labor Law. They bring this action individually, and on behalf of all those similarly situated, to seek redress for Whole Foods' wrongful conduct.

## PARTIES

8. Plaintiff Karen Lichtman is a natural person residing in Brooklyn, New York.

9. Plaintiff Samantha Reese is a natural person residing in Brooklyn, New York.

10. Defendant Whole Foods Market Group Inc. is a Delaware corporation with its primary place of business in Austin, Texas.

## JURISDICTION AND VENUE

11. Whole Foods conducts substantial business in this District and in the State of New York, including but not limited to the operation of grocery stores.

12. The putative class in this action consists of employees at Whole Foods stores in the State of New York who are not exempt from the call-in pay requirement. Nearly all class members are likely to be citizens of the State of New York. Because Whole Foods' New York stores each employ hundreds of non-exempt workers, the putative class can be reasonably estimated to have thousands of members.

13. For purposes of determining diversity jurisdiction under 28 U.S.C. § 1332(d)(2), Whole Foods is deemed a citizen of Delaware and Texas. Jurisdiction is proper in this Court under 28 U.S.C. § 1332(d)(2) because the amount in controversy exceeds $5 million and most putative class members are citizens of States other than Delaware and Texas.

14. Venue is proper in this District under 28 U.S.C. § 1391 because Plaintiff resides in this District and a substantial part of the events and omissions giving rise to his claim occurred in this District.

**FACTUAL ALLEGATIONS**

15. Whole Foods owns and operates grocery stores, including more than 20 stores in the State of New York.

16. Under uniform policies that apply to all New York stores, Whole Foods requires all store employees to attend team meetings. Whole Foods reserves the right to discipline employees who are tardy or absent from team meetings.

17. Whole Foods' store managers schedule team meetings on an irregular basis. The agenda and content is driven by store managers' operational concerns and varies from meeting to meeting, which typically run for 30 minutes to an hour. The matters discussed at such meetings may include employee scheduling and breaks, employee workplace conduct, and store sales and marketing initiatives.

18. According to its employee General Information Guide for the Northeast Region, which includes the State of New York, Whole Foods only applies call-in pay to situations

> where [an employee] is scheduled to work for more than three (3) hours but is unable to fulfill the schedule due to unforeseen events such as power failures, health or safety issues, fires, storms, or other situations where the location is closed and the Team Member is sent home. Call-in pay also applies when the location is closed by leadership and [Whole Foods] was unsuccessful in notifying the [employee] of the closure prior to him or her reporting to work. In both of these situations the Team Member will be granted four (4) hours of pay or their actual hours worked, whichever is greater.

19. Unless an employee's shift is adjacent to a previously scheduled team meeting, the employee necessarily makes separate arrangements to travel to and attend team meetings. Whole Foods only pays employees for the duration of their attendance at team meetings. Whole Foods does not apply call-in pay to employees' attendance at team meetings.

20. Whole Foods employed Plaintiff Karen Lichtman at its Chelsea store, 250 Seventh Avenue, New York in approximately 2016 and 2017. Whole Foods subsequently employed Ms. Lichtman at its Gowanus store, 214 Third Street in Brooklyn, New York from 2017 through 2020. Whole Foods employed Plaintiff Samantha Reese at its Gowanus store from 2018 through 2020.

21. During their employment, Whole Foods required Plaintiffs to attend irregularly scheduled team meetings and Plaintiffs attended several of those meetings. Whole Foods did not apply the New York call-in pay requirement to Plaintiffs' attendance at these meetings. Plaintiffs were further aware that their coworkers also did not receive pay under the New York call-in pay requirement.

22. In accordance with the New York call-in pay requirement, when Whole Foods requires employees to attend irregularly scheduled team meetings, it must pay those employees at least four hours' wages at the basic minimum wage.

23. Because Whole Foods failed to comply with the New York call-in pay requirement, each time Plaintiffs and other Whole Foods employees attended team meetings, they were not fully compensated for four hours' wages at the basic minimum wage. Plaintiffs and other Whole Foods employees are accordingly entitled to damages to redress the harm suffered as a result of Whole Foods' misconduct.

## CLASS ACTION ALLEGATIONS

24. This action is brought and properly maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the following class (the Class):

> For the period six years prior to the filing of this Complaint in this action to present, all persons employed by Whole Foods at any of its grocery stores in the State of New York who (1) Whole Foods classified as non-exempt employees and (2) attended a team meeting that was not scheduled during one of the employee's regular work shifts for that week and who was not paid for a minimum of four hours at the basic minimum wage.

25. The Class shall not include any agents, employees, or representatives of Whole Foods, nor shall it include any immediate family members of the Judge assigned to this case. Plaintiffs further reserve the right to modify the proposed class definition at class certification to reflect the law and facts as developed in this litigation.

26. The Class is so numerous that joinder of individual plaintiffs is not practical. The actual number of Class members is not precisely known but is anticipated to be several thousand. Whole Foods has information that makes it feasible to count the number of Class members.

27. This litigation presents numerous questions of law and fact that are common to both Plaintiffs and the Class, and these questions predominate over any questions that may affect individual Class members. These questions include but are not limited to the following:

      a.      Whether Whole Foods requires employees to attend irregularly scheduled team meetings.

      b.      Whether Whole Foods maintains regular policies or procedures for the application of call-in pay, such as application of call-in pay to mandatory team meetings.

      c.      Whether Whole Foods maintained regular policies or procedures resulting in nonpayment of wages due under the New York call-in pay requirement.

28.    Plaintiffs' claims are typical of those of Class members in that Plaintiff, like all Class members, was required to attend irregularly scheduled team meetings but did not receive call-in pay in accordance with New York Labor Law. Because Whole Foods uniformly failed to apply the New York call-in requirement to all employees attending team meetings, its violation resulted in substantially similar harms to both Plaintiffs and Class members.

29.    Plaintiffs will fairly and adequately protect the interests of Class members. Plaintiffs retained experienced counsel with the necessary expertise and resources to prosecute class action litigation. Plaintiffs and their counsel do not anticipate circumstances where Plaintiffs' interests are adverse to those of Class members.

30.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The likely value of Class members' claims is too low for those claims to be effectively litigated on an individual basis. And if some Class members proceed individually, their claims could result in inconsistent judgments that prejudice the rights of other Class members.

## FIRST CAUSE OF ACTION
### New York Labor Law—Violation of Minimum Wage Order

31. Plaintiffs incorporate by reference the allegations in the prior paragraphs of this Complaint.

32. In violation of the New York Minimum Wage Act, N.Y. Lab. Law § 650 et seq., and minimum wage orders issued by the Commissioner for the New York Department of Labor, Whole Foods failed to pay "call-in pay" wages due under N.Y. Comp. Code Rules & Regs. tit. 12 §§ 142-2.3 and/or 146-1.5.

33. Whole Foods is an employer subject to the New York Minimum Wage Act and minimum wage orders issued by the Commissioner for the New York Department of Labor.

34. Plaintiffs are not exempt employees under the minimum wage orders issued by the Commissioner for the New York Department of Labor.

35. Pursuant to N.Y. Comp. Code Rules & Regs. tit. 12 § 142-2.3, if a non-exempt employee reports for work on any day by request or permission of the employer, the employee shall be paid for at least four hours or the number of hours in the regularly scheduled shift, whichever is less, at the basic minimum wage. In the alternative, pursuant to N.Y. Comp. Code Rules & Regs. tit. 12 § 146-1.5(a), if a hospitality-industry employee reports for work on any day, the employee shall be paid for at least three hours for one shift or the number of hours in the regularly scheduled shift, whichever is less, at the applicable wage rate.

36. Whole Foods' team meetings constitute reports for work within the meaning of New York call-in pay requirements. Because these team meetings are not regularly scheduled, no set shift duration controls the minimum call-in pay. As a result, when Whole Foods employees report for work by attending team meetings, they are entitled to call-in pay.

37. Plaintiffs reported for team meetings pursuant to their employment with Whole Foods, and on each occasion, they were only paid wages for the duration of the meeting and did not receive all call-in pay required at their applicable wage rate.

38. Based on the foregoing, Plaintiffs and the Class demand judgment against Whole Foods for damages in an amount to be determined at trial and all other appropriate relief.

## **PRAYER FOR RELIEF**

Plaintiffs Karen Lichtman and Samantha Reese, individually and on behalf of the Class, pray for relief against Whole Foods as follows:

1. Damages for unpaid wages in an amount to be determined at trial.

2. All other damages and relief authorized by statute or law, including but not limited to punitive or liquidated damages, costs and attorney fees, and prejudgment interest.

3. Class certification under Rule 23 of the Federal Rules of Civil Procedure, with designation of Plaintiffs as Class Representatives and appointment of the undersigned counsel as Class Counsel.

4. Any other relief this Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiffs demand a trial by jury as to all claims so triable.

January 6, 2021

                      <u>/s/ Erik H. Langeland</u>
                      Erik H. Langeland
                      ERIK H. LANGELAND, P.C.
                      733 Third Avenue, 16th Floor
                      New York, NY 10017
                      Telephone: (212) 354-6270
                      elangeland@langelandlaw.com

                      *_____
                      Shawn J. Wanta, Minn. Lic. No. 0389164
                      Scott A. Moriarity, Minn. Lic. No. 0321977
                      *pro hac vice admission pending*
                      BAILLON THOME JOZWIAK & WANTA LLP
                      100 South Fifth Street, Suite 1200
                      Minneapolis, MN 55402
                      612-252-3570
                      sjwanta@baillonthome.com
                      samoriarity@baillonthome.com

                      ATTORNEYS FOR PLAINTIFF