UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
KAREN LICHTMAN and SAMANTHA REESE, :
individually and on behalf of all others similarly :
situated, :
                                                                                                            : **ORDER**
                    Plaintiffs, :
                                                                                                            : 21 Civ. 82 (ENV) (VMS)
    -against- :
                                                                                 :
WHOLE FOODS MARKET GROUP INC., :
                                                                              :
                     Defendant. :
------------------------------------------------------------ X

**Vera M. Scanlon, United States Magistrate Judge:**

      Plaintiffs Karen Lichtman and Samantha Reese ("Plaintiffs") bring this action on behalf of themselves and all others similarly situated against Defendant Whole Foods Market Group Inc. ("Defendant"), alleging various wage and hour violations of New York Labor Law ("NYLL"). In response to Defendant's letter requesting a premotion conference on its proposed motion to dismiss, Plaintiffs moved to file a Second Amended Complaint. See ECF No. 39. Defendant opposed. See ECF No. 40. Plaintiffs' proposed Second Amended Complaint contains only three additional paragraphs of allegations, each of which pertains to alleged call-in pay violations. See ECF No. 39-1 ¶¶ 32-34. For the reasons stated below, Plaintiffs' motion is granted.

    **I.    BACKGROUND**

      The Court assumes the parties' familiarity with the background and procedural history of this case.

      In brief, on January 7, 2021, Plaintiffs commenced this action alleging violations of the NYLL. See ECF No. 1. After conducting limited discovery relating to damages and to

determine the potential class for the purpose of facilitating settlement discussions, Plaintiffs moved to amend the Complaint. See ECF No. 22. The Court granted Plaintiffs' unopposed motion. See Order dated 10/15/2021. Plaintiffs then filed the Amended Complaint. See ECF No. 25.[1] The Amended Complaint alleges that Defendant violated the New York Minimum Wage Act, NYLL § 650 et seq., by not paying employees who reported to work for team meetings proper call-in pay and by scheduling employees for shifts during which their daily earnings were less than four hours' work at minimum wage, see ECF No. 25 ¶¶ 51-66; that Defendant violated NYLL § 195(1)(a) by failing to provide its employees with notice of the rate(s) of pay at the time of hiring, see ECF No. 25 ¶¶ 67-74; and that Defendant violated NYLL § 195(3) by failing to provide its employees with pay statements that accurately set forth their rates of pay and number of regular hours worked, see ECF No. 25 ¶¶ 75-81. Of relevance here, the Amended Complaint alleged that

> On several occasions, Whole Foods directed or allowed Plaintiff Samantha Reese to cease work before the end of her regular shift. Her gross wages for those shifts were less than at least four hours' wages at the basic minimum wage, and for work on those days, Whole Foods did not pay her at least four hours' wages at the basic minimum wage.

ECF No. 25 ¶ 31.

Defendant filed a premotion conference letter on its anticipated motion to dismiss the Amended Complaint. See ECF No. 31. In relevant part, Defendant argued that Plaintiffs failed to plead their second cause of action pertaining to violations of the NYLL on behalf of the shift-call-in-pay class because the Amended Complaint does not state a specific date or time when Plaintiff Reese was either directed or allowed to cease work before the end of her regular shift

---

[1] The operative Amended Complaint was filed with redactions on October 18, 2021, at ECF No. 25. After denying Plaintiffs' motion to seal certain parts of the Amended Complaint, an unredacted version was filed publicly on the docket at ECF No. 29.

such that her gross wages for that shift were less than the minimum-wage total for four hours' work. See id. at 2. Defendant also argued that the Amended Complaint did not describe Ms. Reese's type of shift or why Ms. Reese may have worked a shorter shift than that for which she had been scheduled. See id. Plaintiffs responded to Defendant's premotion conference letter, stating that Plaintiffs' allegations regarding instances for which Ms. Reese was directed or allowed to cease work before the end of her regular shift without proper call-in pay are sufficient to state a claim, and that Defendant's own records produced during limited discovery corroborate her allegations. See ECF No. 36 at 1. Plaintiffs also offered to amend and cure the alleged deficiencies in the pleadings if the Court found amendments were warranted. See id. at 2.

During a telephone conference, the Magistrate Judge discussed with the parties the possibility of amending the pleadings before the District Judge considered Defendant's motion to dismiss. See Order dated 11/17/2021. The Court set a briefing schedule on Plaintiffs' motion to file a Second Amended Complaint. See id. In response to Defendant's premotion conference letter, Plaintiffs filed their motion along with the proposed Second Amended Complaint, which includes the three new paragraphs of allegations pertaining to call-in pay violations. See ECF No. 39-1 ¶¶ 32-34. Plaintiffs seek to add allegations (i) of certain dates Ms. Reese alleges she was denied proper call-in pay, see id. ¶ 32; (ii) that Defendant does not maintain a regular practice or procedure for determining when employees are eligible for call-in pay under New York law, see id. ¶ 33; and that when Defendant asked Ms. Reese to leave work early for any reason other than illness, Ms. Reese was also specifically directed not to sign any paperwork, see id. ¶ 34. Plaintiffs' proposed Second Amended Complaint does not allege any new claims. Compare ECF No. 25, with ECF No. 39-1. Defendant opposed the motion. See ECF No. 40.

## II.   DISCUSSION

### a. Legal Standard

In the Second Circuit, "[l]eave to amend should be denied only because of undue delay, bad faith, futility or prejudice to the non-moving party, and the decision to grant or deny a motion to amend rests within the sound discretion of the district court." Mendez v. U.S. Nonwovens Corp., 2 F. Supp. 3d 442, 451 (E.D.N.Y. 2014) (citing Aetna Cas. & Sur. Co. v. Aniero Concrete Co., 404 F.3d 566, 603-04 (2d Cir. 2005), and Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995)).  Motions to amend are to be "liberally granted absent a good reason to the contrary," see Assam v. Deer Park Spring Water, Inc., 163 F.R.D. 400, 404 (E.D.N.Y. 1995), as Rule 15(a)(2) provides that "court[s] should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2).

### b. Plaintiffs Did Not Delay In Moving To File Plaintiffs' Proposed Second Amended Complaint

When a motion "is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice" the non-movant, such "undue delay" should weigh against granting leave to amend. See Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir. 1990). "Mere delay, however, absent a showing of bad faith or undue prejudice, does not provide a basis for a district court to deny the right to amend." State Tchrs. Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981) (citations omitted).  Defendant argues that Plaintiffs' latest proposed amendment alleges "for the first time" that Ms. Reese "was directed to cease work before the end of three regularly scheduled shifts" and that Plaintiffs "have provided no explanation whatsoever as to how these new allegations regarding Reese's own work experience were not known to her when she initially filed the complaint in January 2021." See ECF No. 40 at 2.

4

Although Defendant could have argued against Plaintiffs' first motion to amend that sought to add the claim regarding call-in pay violations for certain scheduled shifts on the ground that the claim should have been raised earlier, Defendant did not timely oppose that motion.  See ECF Nos. 22, 24; Orders dated 10/15/2021.  Defendant will not be permitted to use the proposed Second Amended Complaint to avoid the consequences of its own omission by not timely opposing the first motion to amend at ECF No. 22.

Defendant was, before the filing of the present motion, on notice that Ms. Reese alleges she was directed to cease work before the end of her regularly scheduled shifts; the proposed new allegations merely provide examples of when this occurred.  In seeking to respond to Defendant's argument in its premotion conference letter, Plaintiffs filed their motion to amend less than three weeks after Defendant's premotion conference letter was filed and on the Court's schedule.  The Court finds that this is not undue delay; in fact, it is quite the opposite—timely and responsive.

### c.  The Court Does Not Find Any Prejudice To Defendant In Plaintiffs' Proposed Filing Of A Second Amended Complaint

In deciding whether there would be prejudice in filing an amended pleading, courts typically consider whether the amendment would "(i) require the opponent to expend significant additional resources to conduct discovery and prepare for trial" and "(ii) significantly delay the resolution of the dispute." Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993). Courts may find prejudice if the amendments would cause delays on the eve of trial or require significant discovery.  See Zubulake v. UBS Warburg LLC, 231 F.R.D. 159, 163 (S.D.N.Y. 2005) (denying the defendants' motion to assert a new affirmative defense because of, inter alia, the undue prejudice it would cause the plaintiff in re-opening discovery); Benefitvision Inc. v. Gentiva Health Servs., Inc., No. 09 Civ. 473 (DRH) (AKT), 2015 WL 1034543, at *14

(E.D.N.Y. Feb. 9, 2015) (denying the plaintiffs' motion to add four new causes of action in a trial-ready case "at the eleventh hour" because it "would require substantial discovery, thereby significantly prejudicing" the defendants), R&R adopted, 2015 WL 1034567 (E.D.N.Y. Mar. 10, 2015); cf. State Tchrs. Ret. Bd., 654 F.2d at 856 (finding no undue prejudice where no trial date had been set at the time the plaintiffs requested leave to amend and defendants had not yet filed a motion for summary judgment); Martin v. Sprint/United Mgmt. Co., No. 15 Civ. 5237 (PAE), 2016 WL 2757431, at *5 (S.D.N.Y. May 12, 2016) (finding no undue delay, and therefore no prejudice, because the discovery deadline was more than three months away). "Any prejudice which the non-movant demonstrates must be balanced against the court's interest in litigating all claims in a single action and any prejudice to the movant which would result from a denial of the motion." Saxholm AS v. Dynal, Inc., 938 F. Supp. 120, 123 (E.D.N.Y. 1996) (citations omitted).

The proposed amendment comes at an early stage of this case and well before the close of discovery—discovery which has been stayed at Defendant's request. See ECF No. 31 at 1 & n.1; Order dated 11/17/2021. This limited proposed amendment can hardly be said to cause Defendant to expend additional, significant resources on discovery or trial preparation, nor will it delay resolution of the parties' disputes. I find there is no undue prejudice, or any prejudice, to Defendant in permitting Plaintiffs to file the Second Amended Complaint.

### d. Defendant May Not Argue Futility Because There Are No New Claims In The Proposed Second Amended Complaint

As discussed, supra, Plaintiffs' proposed Second Amended Complaint seeks to add three paragraphs of allegations related to call-in pay violations; it does not add new claims. The time to argue futility (if such an argument were merited) would have been when Plaintiffs moved to amend the Complaint to add the new claims, but Defendant did not timely oppose that motion.

6

At this stage, "Defendant's argument is incorrectly made in this procedural posture in which the Court's futility analysis is limited to the new material that Plaintiff has asked the Court for leave to add." See Tapjets Inc. v. United Payment Servs., Inc., No. 19 Civ. 3740 (RRM) (VMS), 2021 WL 3129886, at *7 (E.D.N.Y. July 22, 2021). As the proposed new allegations do not constitute new claims, but, rather, provide additional allegations about the circumstances of alleged call-in pay violations, the Court will not consider Defendant's futility arguments in this posture.[2] This does not preclude Defendant from making an appropriate Fed. R. Civ. P. 12 motion.

---

[2] Defendant also requests in its opposition letter, without citing to any legal support, that the Court enter "an order . . . barring Lichtman from seeking an amendment to include additional claims that could have been raised prior." See ECF No. 40 at 2 n.2. The Court declines to do so because such a ruling would be inconsistent with the Federal Rules of Civil Procedure as interpreted by the Second Circuit.

### III. CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's motion at ECF No. 39 for leave to file the Second Amended Complaint. On or before May 31, 2022, Plaintiffs must file the Second Amended Complaint on the docket. Within 21 days of the filing, Defendant must answer or otherwise respond. Defendant's motion for a premotion conference at ECF No. 31 is moot because the Amended Complaint is no longer the operative pleading. The motion for leave to file Plaintiffs' response letter to Defendant's premotion conference letter (which is on the docket with redactions at ECF No. 36) under seal at ECF No. 37 is granted for ease of reference on the docket. The discovery remains stayed, but any party may move to lift the stay if circumstances warrant.

Dated: Brooklyn, New York
       May 24, 2022

*Vera M. Scanlon*
VERA M. SCANLON
United States Magistrate Judge